**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTINA SCOTT, as mother and next
friend of her son, B.P., a minor,

     Plaintiff - Appellant,

v.

MID-DEL SCHOOLS BOARD OF
EDUCATION, a governmental
administration serving the Mid-Del School
District; RICK COBB, an individual in his
official capacity as Superintendent of Mid-
Del Schools; ANDY COLLIER, as an
individual and his official capacity as
Principal of Kerr Middle School; LESLIE
BERGER, as an individual and her official
capacity as Assistant Principal of Kerr
Middle School; GREG MCGUIRE, as an
individual and his official capacity as
teacher at Kerr Middle School,

     Defendants - Appellees.

No. 17-6043
(D.C. No. 5:16-CV-01027-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Christina Scott, as mother and next friend of B.P., who at all relevant times was a minor attending Kerr Middle School in Oklahoma, appeals the district court's order dismissing her claims brought under 42 U.S.C. § 1983.[1]  Ms. Scott asserted that the defendants—the School Board, school administrators, and a teacher—violated B.P.'s constitutional rights when the teacher attacked him at school.  We affirm in part and reverse and remand in part.

## I.     BACKGROUND

Because the district court dismissed the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), we recount the underlying facts as alleged in the complaint.  On March 1, 2006, B.P. was being bullied by another student at school.  Followed by the other student, he went into Defendant McGuire's classroom.  Mr. McGuire, a teacher at the school, also bullied B.P. by yelling, cursing, and intimidating B.P. in front of the other students in the classroom.  B.P. later informed his mother of the incident.  She reported the incident to Defendants Collier and Berger, the school principal and assistant principal, who transferred B.P. to another class.

---

[1] Ms. Scott filed the notice of appeal before the district court resolved all claims, but the district court later entered an order dismissing the remaining claims with prejudice.  Therefore, the premature notice of appeal ripened upon entry of the subsequent final order because "the order leading to the premature notice of appeal has some indicia of finality and is likely to remain unchanged during subsequent court proceedings."  *Elm Ridge Expl. Co. v. Engle*, 721 F.3d 1199, 1209 n.5 (10th Cir. 2013) (internal quotation marks omitted).  Accordingly, we have jurisdiction to review the district court's dismissal order.  *See id.*

After school the next day, B.P. entered a school bathroom to change clothes for baseball practice. Although the bathroom was in a hallway he did not normally use, Mr. McGuire followed B.P. into the bathroom and began yelling insults at B.P. While B.P. was in a stall undressing with his pants down, Mr. McGuire opened the stall door by force. The door hit B.P. and pushed him back into the toilet and back of the stall, causing B.P. numerous physical injuries. Mr. McGuire then entered the stall, blocking the door, and continued to curse and insult B.P. Although B.P. pleaded with Mr. McGuire to stop, McGuire "continued to yell at B.P. while B.P. was defenseless with his pants down." Aplt. App. at 9. During this time, Assistant Principal Berger was standing outside the bathroom and heard the incident but did nothing.

After leaving the bathroom, B.P. reported the incident to his mother, who was waiting in the school parking lot. She reported it to the police and Mr. Collier, who downplayed the incident, apparently to protect Mr. McGuire. Mr. Collier then instructed B.P. to change his clothes in the school office in the future.

Mr. Collier later told Ms. Scott that Mr. McGuire's actions warranted discipline and that he would be written up if Ms. Scott did not make this information public. Ms. Scott believed that Mr. McGuire was not adequately punished, notwithstanding Mr. Collier's statement that if he did this again, he would be arrested and prosecuted. Mr. Collier told Ms. Scott that Mr. McGuire would be counseled not to confront B.P. again, even though he might encounter him in the future. B.P. was

afraid to return to school following these incidents and missed about one month of school.

Ms. Scott sued, asserting various claims based on the incidents. Defendants filed a motion to dismiss, which included the defense of qualified immunity. The district court granted the dismissal motion under Rule 12(b)(6), concluding that the complaint failed to state a claim upon which relief could be granted on all claims except the substantive-due-process claim against Mr. McGuire, but that Mr. McGuire was entitled to the defense of qualified immunity. Ms. Scott appeals, arguing: (1) Mr. McGuire was not entitled to qualified immunity, (2) the complaint stated a claim against Mr. Collier and Ms. Berger in their individual capacities for failure to protect, and (3) the complaint stated claims against the School Board for failure to train and failure to supervise. She has waived all remaining claims by not including them in her briefs. *See United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996) (holding appellant waived issue "by failing to make any argument or cite any authority to support his assertion").

## II.    DISCUSSION

"We review a Rule 12(b)(6) dismissal de novo." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1368 (10th Cir. 2015) (internal quotation marks omitted). In doing so, "[w]e accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to [Ms. Scott]," *id.* (ellipsis and internal quotation marks omitted). To withstand dismissal, "a complaint must contain

4

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim for relief. *Id.* We also review de novo the legal question of whether a constitutional right is clearly established for purposes of qualified immunity. *Pyle v. Woods*, 874 F.3d 1257, 1263 (10th Cir. 2017).

42 U.S.C. § 1983 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Where, as here, a complaint alleges that school-inflicted corporal punishment violated substantive due process, this circuit applies a shocks-the-conscience test. *See Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 786 (10th Cir. 2013). The inquiry is "whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Id.* at 786-87 (internal quotation marks omitted).

5

A. Qualified Immunity – Teacher McGuire

An individual defendant sued under § 1983 "may raise a defense of qualified immunity, which shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (ellipsis and internal quotation marks omitted), *petition for cert. docketed* (U.S. Jan. 23, 2018) (No. 17-1021).  After the qualified-immunity defense is raised, "the plaintiff carries a two-part burden to show:  (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."  *Id.* (internal quotation marks omitted).  To meet this heavy burden the "plaintiff may show clearly established law by pointing to either a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, existing at the time of the alleged violation.  To be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate."  *Id.* (citation and internal quotation marks omitted).  Further, "[a]lthough there need not be a case directly on point, [a state actor] cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it."  *Id.* (citations and internal quotation marks omitted).  And "[c]ourts must not define clearly established law at a high level of generality," but instead must particularize the law to the facts under review.  *Id.* (internal quotation marks omitted).

6

The district court held that the complaint sufficiently alleged facts to support a substantive due process claim: "McGuire, a teacher, was acting out of malice, and in retaliation for B.P. reporting the encounter between McGuire and B.P., which resulted in B.P. being removed from McGuire's classroom, when he forcibly entered the bathroom stall in which B.P., a student, was dressing, physically injuring and verbally assaulting an undressed B.P." Aplt. App. at 72. The court further held, however, that Ms. Scott failed to establish that the law was clearly established such that Mr. McGuire "reasonably would have understood that his actions violated B.P.'s Substantive Due Process right." *Id.* at 76-77. Ms. Scott appeals this holding.[2] Mr. McGuire does not contest the district court's determination that the complaint stated a constitutional violation—that his conduct in the school bathroom was conscience-shocking. Rather, he argues that he did not violate clearly established law.

In the district court and in her appellate briefing, Ms. Scott cited *Garcia ex rel. Garcia v. Miera*, 817 F.2d 650, 655 (10th Cir. 1987).[3] There, this court held "that at

---

[2] Although Ms. Scott argues on appeal that the district court erred in granting qualified immunity to Mr. Collier and Ms. Berger, the court held that the complaint failed to state a claim against either of these defendants, a holding we affirm in the next section. Therefore, qualified immunity does not apply to them.

[3] In district court, Ms. Scott relied on *Garcia* to support her claim that Mr. McGuire violated B.P.'s constitutional rights but did not cite *Garcia* in her discussion of clearly established law. Because the law regarding whether there was a constitutional violation is integral to whether that law was clearly established, we do not think Ms. Scott's use of *Garcia* in district court forecloses this court from considering *Garcia* to determine the legal question of whether Mr. McGuire violated clearly

(continued)

7

some point of excessiveness or brutality, a public school child's substantive due process rights are violated by beatings administered by government-paid school officials." (citing *Milonas v. Williams*, 691 F.2d 931, 940, 942 (10th Cir. 1982)). This court identified "three categories of corporal punishment." *Id.* at 656. First, "[p]unishments that do not exceed the traditional common law standard of reasonableness are not actionable." *Id.* Second, "punishments that exceed the common law standard without adequate state remedies violate procedural due process rights." *Id.* And third, relevant here, "punishments that are so grossly excessive as to be shocking to the conscience violate substantive due process rights, without regard to the adequacy of state remedies." *Id.*

*Garcia* relied in part on *Ingraham v. Wright*, 430 U.S. 651 (1977), first acknowledging *Ingraham*'s "explicit disclaimer" that it was deciding "whether corporal punishment of a school child, in any degree of excessiveness, can violate substantive rights under the Due Process Clause." *Garcia*, 817 F.2d at 653. Nevertheless, *Garcia* ruled that "*Ingraham* requires us to hold that, at some point, excessive corporal punishment violates the pupil's substantive due process rights." *Id.*

---

established law. *See Pyle*, 874 F.3d at 1263; *cf. Gutierrez v. Cobos*, 841 F.3d 895, 901 (10th Cir. 2016) (affirming summary judgment because "[p]laintiffs did not present any legal authority or legal argument to the district court in opposition to [defendant's] motion for summary judgment based on qualified immunity").

In *Garcia*, elementary-school officials administered two beatings to a nine-year-old girl, immobilizing her and using a paddle that was split into two pieces so that "when it hit, it clapped and grabbed," and resulted in severe injuries. 817 F.2d at 653 (brackets and internal quotation marks omitted). Similarly here, Ms. Scott alleged that Mr. McGuire caused numerous physical injuries to B.P. by hitting him with the bathroom-stall door and pushing him back against the stall. She further alleged that Mr. McGuire blocked B.P. in the stall and cursed and bullied him while he was in the vulnerable position of having his pants down. Although the facts of *Garcia* are not identical to those here, "we do not require plaintiffs to produce a factually identical case, but allow some degree of generality in factual correspondence." *Armijo ex rel. Chavez v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1260 (10th Cir. 1998).

At the Rule 12(b)(6) stage, the district court found that the complaint stated a claim of conscience-shocking behavior by Mr. McGuire. Mr. McGuire's alleged conduct sufficiently resembles the conduct we held unconstitutional in *Garcia* such that "a reasonable official in [his] position would have known that [his] actions violated [B.P.'s] clearly established right," *T.D.*, 868 F.3d at 1213. He was therefore not entitled to qualified immunity at this stage of the proceedings.

B. Liability of Principal Collier and Assistant Principal Berger for Failure to Protect

Ms. Scott contends the district court erred in rejecting her claim against Mr. Collier and Ms. Berger in their individual capacities based on a danger-creation

theory. The complaint alleged that Mr. Collier and Ms. Berger "knew of the danger posed by keeping an aggressive, unstable teacher in regular employment, but did nothing to protect B.P. from the direct danger that he faced by attending school." Aplt. App. at 17.

*Armijo* articulated the criteria for liability of school employees under a state-created danger theory. 159 F.3d at 1262-63. There, this court stated that "[t]he key to the state-created danger cases lies in the state actors' culpable knowledge and conduct in affirmatively placing an individual in a position of danger. . . ." *Id.* at 1263 (ellipsis and internal quotation marks omitted). Consequently, "to be liable, [state actors] must have used their authority to create an opportunity that would not otherwise have existed for the third party's acts to occur." *Id.* (brackets and internal quotation marks omitted).

Ms. Scott argues that the act of removing B.P. from Mr. McGuire's classroom increased his risk of harm by Mr. McGuire and that Mr. Collier and Ms. Berger knew of Mr. McGuire's "aggressive and hostile disposition toward B.P.," which demonstrated a risk of violence. Aplt. Opening Br. at 11. These arguments do not demonstrate that Mr. Collier and Ms. Berger affirmatively placed B.P. in danger. Even if they were aware of the danger Mr. McGuire presented, the complaint does not allege that they took any action that made B.P. more vulnerable to the alleged danger. On the contrary, the complaint demonstrated that Mr. Collier and Ms. Berger

10

took measures to separate B.P. from Mr. McGuire by removing him from Mr. McGuire's classroom and having him change clothes in the school office.

Ms. Scott further alleged that Ms. Berger failed to intervene in the attack in the school bathroom. She did not, however, allege any facts from which an inference could be drawn that Ms. Berger affirmatively acted to create an opportunity for Mr. McGuire to attack B.P., as required to state a danger-creation claim. *See Armijo*, 159 F.3d at 1263; *see also Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 919 n.7 (10th Cir. 2012) ("[I]naction by the state in the face of a known danger is not enough to invoke the protections of the Due Process Clause." (internal quotation marks omitted)). Therefore, the district court properly dismissed the danger-creation claim.

C. Liability of School Board for Failure to Train and Supervise

"Municipalities can be liable under 42 U.S.C. § 1983 only for their own unlawful acts. Accordingly, to prove a § 1983 claim against a municipality, a plaintiff must show the existence of a municipal policy or custom which directly caused the alleged injury." *Pyle*, 874 F.3d at 1266 (citation omitted). A municipal policy may include "a formal regulation or policy statement, an informal custom that amounts to a widespread practice, decisions of municipal employees with final policymaking authority, ratification by final policymakers of the decisions of subordinates to whom authority was delegated, and the deliberately indifferent failure to adequately train or supervise employees." *Id.*

11

For her claims of failure to train and supervise, Ms. Scott alleged that Mr. Collier and Ms. Berger "were aware of Defendant McGuire's aggression and malice toward B.P., and yet did nothing to protect B.P. from McGuire's wanton disregard for student privacy and safety." Aplt. App. at 15, 16. She further alleged that after receiving a complaint of bullying, Mr. Collier and Ms. Berger failed to implement safeguards to prevent further attacks and protect B.P. from "a dangerous and unstable teacher." *Id.* Ms. Scott also alleged that Mr. Collier "downplayed the incident in an attempt to protect Defendant McGuire" and did not adequately punish him. *Id.* at 10.

These allegations fail to adequately allege a municipal policy. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Thus, we conclude that the complaint contains insufficient factual allegations to support an inference that Mr. Collier and Ms. Berger were acting pursuant to a policy or custom when they responded to the first bullying incident or in failing to punish Mr. McGuire more severely.

We reject Ms. Scott's argument that a School Board policy was established by Mr. Collier's and Ms. Berger's handling of the single, initial bullying incident. She relies on dicta in *Board of County Commissioners v. Brown*, 520 U.S. 397, 412

12

(1997), stating, "Even assuming without deciding that proof of a single instance of inadequate [job background] screening could ever trigger municipal liability . . . ," to argue that Mr. Collier's and Ms. Berger's actions constituted a School Board policy. But none of Ms. Scott's claims are based on allegations of a failure to investigate Mr. McGuire's background, as was the case in *Brown*, 520 U.S. at 415 (holding sheriff's failure to adequately examine defendant-officer's record was irrelevant unless in light of that record the defendant-officer's "use of excessive force would have been a plainly obvious consequence of the hiring decision"). Ms. Scott's allegations describe nothing more than an isolated event. They allege no facts to support a claim that the response of Mr. Collier and Ms. Berger was a School Board custom or policy.[4] Accordingly, we hold that the complaint does not contain factual allegations sufficient to support a plausible inference that a School Board policy directly caused the injuries B.P. allegedly suffered, and the district court correctly dismissed these claims.

---

[4] Ms. Scott contends the district court should have granted leave to amend her complaint to add an allegation that "[t]he behaviors and attitudes of the school administration in this case certainly reflect a deliberate indifference to the dangers posed to the students under their care such that an inference of a widespread custom or policy can be easily inferred." Aplt. Opening Br. at 14. "[B]ut this allegation is the type of 'formulaic recitation of the elements of a cause of action' that is insufficient to meet the *Twombly* pleading standard." *Pyle*, 874 F.3d at 1266 (quoting *Twombly,* 550 U.S. at 555)). Therefore, amendment would have been futile because the proposed amendment would not have saved the complaint from dismissal. *See Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015) (stating amending a complaint is futile where the amended complaint would be subject to dismissal).

13

### III.  CONCLUSION

The district court's grant of qualified immunity to defendant McGuire is reversed and remanded for further proceedings.  The district court's order dated January 17, 2017, is affirmed in all other respects.  Defendants' motion to dismiss this appeal for lack of jurisdiction is denied.

Entered for the Court

Gregory A. Phillips
Circuit Judge